SAMUEL W. THROP, RESPONDENT, v. PAYNE BROTHERS, INCORPORATED, APPELLANT.

Submitted March 23, 1914—Decided June 15, 1914.

Where a corporation directed by resolution its president to execute a lease for property, and also to enter into an option to purchase the same, at a certain figure, and the president executed the lease in the name of the corporation, but failed to procure the option, and the corporation thereafter paid rent for four months, in accordance with the terms of the lease, and in other ways treated the property as its own, under the lease, without at any time repudiating the act of the president in procuring it without the option—*Held*, that a refusal of the trial court to direct a nonsuit was proper, since the existence of a tenancy under the lease was a question of fact for the jury to determine, based upon the inquiry whether the corporation by its conduct had accepted the lease and ratified the act of its president in executing it.

On appeal from the Supreme Court.

For the plaintiff, *William J. Backes.*

For the defendant, *Frank E. Bradner.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff below brought this action to recover damages for breach of defendant's covenant to pay rent, contained in a lease dated January 28th, 1911, made between himself as lessor and the defendant as lessee.

The lease was executed by the president of the company, writing the name "Payne Brothers, Inc., by T. P. Payne, Pres." To the usual attestation clause was the signature of A. Lang, who testified that she witnessed the signing of it by T. P. Payne, but could not recall the affixing of the seal. The plaintiff testified that the seal had been affixed before the paper was sent to defendant to be executed. The lease concluded with the clause, "In witness whereof, the parties

to these presents have interchangeably set their hands and seals the day and year first above written."

The plaintiff proved the defendant's minutes showing a resolution of its board of directors authorizing the president to enter into an agreement to make a lease, and to take an option to buy upon the terms offered; the execution of the lease by its president; the failure to pay the rent reserved thereby. He also proved that the president of the company communicated his action in executing the contract, for and in the name of the corporation, at a directors' meeting, and that the defendant afterwards made four monthly payments of $50 each, in compliance with the covenant of the lease.

The plaintiff also proved that the corporation a year after the execution of the lease, dealt with the land as if owner of the term. The defence to the action was that the defendant had not executed the lease, and had not agreed to take the lease without an option to purchase; and had not authorized its president to execute any agreement for a lease without an option to purchase.

The question put to the jury was whether or not the lease became effective without the option, or whether the option was a condition of the lease becoming effective.

That the lease was satisfactory in form and in substance to the defendant, at the time of its execution, and for months thereafter is manifested by the fact that the defendant paid rent to the plaintiff for four months in succession.

It was also proved that the lease was the subject of discussion between the directors individually, and was discussed at a meeting of the directors not with the view of repudiating the action of the president in executing it, but with the view of adopting plans for improving the plant upon the property. It was also shown that nearly a year after the execution of the lease the defendant attempted to enter into negotiations for the sale or rental of the demised property or a part of it. It was also in evidence that the by-laws of the defendant provided that the president of the corporation should have general management of the business of the cor-

poration, and it was apparent from the testimony that he generally exercised that authority.

The evidence of subsequent acts by the defendant is conclusive either of authority independent of the resolution or an adoption of the act of the president, even if it were conceded that his act in executing the lease was not consistent with the express authority given by the resolution.

Acquiescence in the assumed agency of another when the acts of the agent are brought to the knowledge of the principal, is equivalent to an express authority. 2 *Kent Com.* 785; *Brahn* v. *Jersey City Forge Co.*, 38 *N. J. L.* 74.

In *Porch* v. *Agnew Company*, 70 *N. J. Eq.* 328, affirmed by this court in 71 *Id.* 305, it was held that "No formal action of the board was necessary to obligate the company, where it conclusively appears that its authorized officers acted, and that the work thus induced was accepted by the company."

Quite manifestly the basis underlying the doctrine is the equitable consideration that one shall not accept the benefit and results of his agent's acts, even though performed contrary to the authority reposed in him, and then be free when expediency demands it to repudiate him and his work. Such was the situation here, and therefore it becomes a matter of little or no importance in determining the defendant's liability, from that aspect of the case, whether the seal of the corporation was attached to the instrument at the time of its execution, or whether other intervening legal formalities were complied with, or whether finally the power of the president to execute the lease was conditioned upon the procuring of the option to purchase, the essential inquiry being whether in the absence of the required formalities and conditions, the defendant approved its agent's acts, and in full recognition of its defects accepted and appropriated the product of his work.

The rule of law is unquestioned that if the corporation possesses the advantages and benefits of the agent's act, with knowledge of the facts, whereby such benefits have accrued, it will not be heard afterwards to disown the intervening agency because of informalities in the execution of his powers. In such a situation the act of ratification relates back, and

MARCH TERM, 1914. 307

*86 N. J. L.*    Newark Library Trustees v. Civil Serv. Com.

operates with the same effect as previous authority; the relation of principal and agent being treated as existing *ab initio*. *Crawford* v. *Longstreet,* 43 *N. J. L.* 325, 329; *Kuser* v. *Wright,* 52 *N. J. Eq.* 825.

The trial court could not properly have ordered a nonsuit, and as the facts showing an adoption of the president's acts were undisputed, and but one inference could be drawn therefrom, the court was justified in saying that the president's authority to execute the lease was sufficient.

The court quite properly left it to the jury to determine whether under the disputed testimony, the seal affixed to the lease was that of the corporation, and it also properly submitted to the jury the question whether the lease became an effective agreement, or whether its taking effect was conditioned upon the execution by the plaintiff of an option.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.